UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

ANDRES GOMEZ

    Plaintiffs,
vs.

KIPLING APPAREL CORP.
d/b/a Kipling USA

    Defendant

## COMPLAINT

COMES NOW Plaintiff Andres Gomez, by and through his undersigned counsel, and hereby sues Defendant Kipling Apparel Corp. for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. Part 36 and allege as follows:

### INTRODUCTORY STATEMENT

1. Plaintiff brings this action in Federal Court to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant Kipling Apparel CORP. website, which is an extension of its retail stores throughout the United States of America where the law of the American with Disabilities Act has been the law of the land for over twenty-six years.

2. Defendant Kipling Apparel Corp. (also referenced as "Defendant") owns and operates places of public accommodation which are retail stores under the brand

1

name "Kipling." Kipling stores offer for sale to the general public handbags, backpacks, luggage, and accessories.

3.  The Defendant offers an adjunct website www.KIPLING-USA.com ("website") which is directly connected to its Kipling stores since the website provides a site locator to the Defendant's Kipling physical store locations (places of public accommodation). Thus, www.KIPLING-USA.com ("website") has a true nexus to the Defendant's Kipling retail stores.

4.  This case arises out the fact that Defendant Kipling Apparel Corp. has operated its business in a manner and way that completely excludes individuals with disabilities who are visually impaired from enjoying and visiting their place of public accommodation, namely the Defendant's website www.KIPLING-USA.com.

5.  This is an action to put an end to civil rights violations committed by Defendant against individuals with disabilities who are visually impaired and who cannot access and comprehend the internet and the websites that operate therein without the aid of assistive technology.

**JURISDICTION & VENUE**

6.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201.

7.  This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services to order Kipling merchandise online.

8. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendants reside in this District, the Defendants transact business in this District, and the acts constituting the violation of the ADA occurred in this District.

9. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Andres Gomez**

10. Plaintiff Andres Gomez ("Plaintiff Gomez") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

11. Plaintiff Gomez suffers from what constitutes a "qualified disability" under the ADA. Plaintiff Gomez is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

**KIPLING APPAREL CORP.**

12. Defendant Kipling Apparel Corp. (also referenced as Defendant) is the owner and operator of a chain of retail stores under the brand name "Kipling."

13. Kipling is a fashion brand founded in Belgium in 1987, and is a subsidiary of Nautica Retail USA, Inc. which is coined "the Nautica group," or "sportswear group " which is in turn owned by its corporate parent, which is a subsidiary of VH Corporation, which is an international fashion house conglomerate.

14. The Kipling brand has retail stores in over 200 locations worldwide, and Kipling brand merchandise are sold in over five hundred counters and shop-in-shops and is also sold by over 4,200 independent retailers.

15. Defendant Kipling Apparel Corp. is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## FACTS

16. The Defendant is defined as a "public accommodation" because it is an entity which owns and operates a chain of retail stores under the brand name "Kipling," each of which is a "Place of Public Accommodation" as defined at 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104. (2) or "[P]laces of public accommodation," "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment." Each of the Defendant's Kipling retail stores are a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. Part 36. The Defendant's Kipling retail stores are also referenced throughout as "place(s) of public accommodation," "Kipling retail stores," or "retail stores."

17. The Defendant's website www.KIPLING-USA.com ("website") is offered to provide the general public information including but not limited to information on the various locations of the Defendant's Kipling retail stores throughout the United States and within the state of Florida.

18. Since the Defendant's website allows the general public the ability to locate one of the many Kipling physical store locations, the website is an extension of the Kipling retail stores. Therefore, the website has a direct nexus between the website

and the Defendant's Kipling retail stores, hence the website is also characterized as a place of public accommodation (42 U.S.C. §§s 12181(7)(E)).

19. The website also allows the general public access to purchase online a wide range of Kipling brand merchandise such as luggage, handbags, backpacks, and accessories such as wallets, key chains, umbrellas, cases and pouches, scarves and school supplies. As such, the website is a sales establishment, which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(E), and must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public. As such, the Defendant has subjected itself and the website it has created and maintains, to the Americans with Disabilities Act ("ADA").[1]

20. Plaintiff Gomez is a customer who is interested in purchasing items such as such as offered by the Kipling brand (luggage, handbags, backpacks, and accessories), all of which such items are offered through the Defendant's Kipling retail stores and through its website www.KIPLING-USA.com.

21. Plaintiff Gomez frequently utilizes the internet. In order to comprehend the Defendant's website and to become informed of the Kipling brand merchandise (which other plaintiffs may order online), Plaintiff Gomez must use screen reader software.

---

[1] *"The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities."* ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

22. During the month of March, 2016 the Plaintiff attempted on several occasions to utilize the Defendant's website to browse through the Kipling merchandise with the intent of making a purchase of a Kipling backpack. The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

23. However, the Defendant's website did not integrate with Plaintiff's screen reader software, nor was there any function within Defendant's website to permit access for visually impaired through other means.

24. The fact that Plaintiff Gomez could not access the Defendant's website, he felt as if another door had been slammed in his face, as he is/was unable to participate in the shopping experience online at the [www.KIPLING-USA.com](www.KIPLING-USA.com) website as experienced by the general public, 26 years after the Title III of the ADA was enacted and which promised to remove such barriers.

25. Plaintiff Gomez continues to desire to patronize the Defendant's website, but is unable to do so as he is unable to utilize the Defendant's website, thus he will continue to suffer irreparable injury from the Defendant's intentional acts, policies, and practices set forth herein unless enjoined by this Court.

26. The Defendant's website did\does not offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend its website in an effective manner.

27. The Defendant's website is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

28. The Defendant's website is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

29. On information and belief, the Defendant has not designated an employee as a Web Accessibility Policy to insure full and equal use of its website by individuals with disabilities.

30. On information and belief, the Defendant has not instituted a Web Accessibility Committee to insure full and equal use of its website by individuals with disabilities.

31. On information and belief, the Defendant has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of its website by individuals with disabilities.

32. On information and belief, the Defendant has not instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

33. On information and belief, the Defendant has not instituted a User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

34. On information and belief, the Defendant has not instituted a Bug Fix Priority Policy.

35. On information and belief, the Defendant has not instituted an Automated Web Accessibility Testing program.

36. On information and belief, the Defendant has not created and instituted a Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

37. On information and belief, the Defendant has not created and instituted on its website a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the Defendant will have its website, Applications, and Digital Assets accessible to the visually impaired community.

38. On information and belief, Defendant's website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[2].

39. On information and belief, the Defendant does not have a Web Accessibility Policy.

40. On information and belief, the Defendant has not disclosed to the public any intended changes, audits, or involved lawsuits to correct the inaccessibility of their website vis-a-vis disabled individuals who are visually impaired who want the safety and privacy of purchasing products online from their homes like other Americans.

---

[2] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

41. Thus, the Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages and accommodations provided by and through its website www.KIPLING-USA.com.

42. Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services and sales policies and procedures.

43. Public Accommodations that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

44. For many individuals with disabilities who are limited in their ability to travel outside their home, the internet is one of the few available means of access to the goods and services in our society with safety and in dealing with terms of their disability.

45. The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet websites, such as the Defendant's website where they have a direct connection.

46. On information and belief, the Defendant is aware of these common access barriers within its website which prevent individuals with disabilities who are visually impaired from the means to comprehend its website to become informed of its Kipling brand merchandise available in its various physical store locations, available through independent retailers, and available for purchase online.

47. Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

48. Such barriers result in punishment and isolation of blind and low vision from the rest of society.

49. Thus, the Defendant has refused to make its website accessible to individuals with disabilities who are visually impaired.

50. Enforcement of the Plaintiff's rights is right and just pursuant to 28 U.S.C. §§2201, 2202.

51. The Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## **COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

52. Plaintiff Gomez re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-51 above

53. The Department of Justice has long taken the position that both State and local government websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities[3].

54. As a result of the inaccessibility of the Defendant's website and by the barriers to access in its website (when removal of those barriers is readily achievable), the Defendant has denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendant has made available to

---

[3] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

the general public on its website www.KIPLING-USA.com, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

55. Pursuant to 42 U.S.C. §12181(7)(E), www.KIPLING-USA.com (the Defendant's website) is a *place of public accommodation* under the ADA because it serves to augment its chain of Kipling retail stores and Kipling brand merchandise sold in independent retailers and department stores by providing the general public information on the various locations of the Defendant's chain of Kipling retail stores and educate the general public as to the line of Kipling brand merchandise and also to provide the general public with the ability to purchase Kipling brand merchandise online.

56. As such, the Defendant's website must be in compliance with the ADA. However, the Defendant's website is\was not in compliance with the ADA. Plaintiff Gomez have suffered an injury in fact because of the website's (and Defendant's) non-compliance with the ADA.

57. Types of website programming errors include (but are not limited to) *Programming Error Types* ("PETs"), which are easily identifiable and correctable, and *Programing Alert Error Types* ("PATs"), which prone to making the website inaccessible.

58. A sampling review of just part of the Defendant's website revealed that the website is not functional for users who are visually impaired. The Defendant's website contains several types of PETs (easily identifiable and correctable), which occur on throughout the website such as:

    1) The language of the document is not identified,
    2) Image alternative text is not present, and
    3) A form control does not have a corresponding label.

59. Further, the Defendant's website contains various types of PATs (prone to making the website inaccessible), which occur throughout the website, such as:

1) Alternative text is likely insufficient or contains extraneous information,
2) An event handler is present that may not be accessible,
3) A heading level is skipped,
4) Flash content is present,
5) Adjacent links go to the same URL,
6) A link contains no text, and
7) Alternative text is likely insufficient or contains extraneous information.

60. More violations may be present on other pages of the website, and they will be determined and proven through the discovery process.

61. Further, the Defendant's website did\does not offer include the universal symbol for the disabled[4] which would permit disabled individuals to access the website's accessibility information and accessibility facts.

62. Therefore, due to the Plaintiff's disability and the Defendant's failure to have the website adequately accessible to individuals with visual impairments, the Plaintiff was unable to comprehend the Defendant's website.

63. The Defendant has violated the ADA (and continues to violate the ADA) by denying access to its website, www.KIPLING-USA.com, to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites. These violations within www.KIPLING-USA.com are ongoing.

---

[4] 

64. As a result of the Defendant's inadequate development and administration of www.KIPLING-USA.com, Plaintiff Gomez are entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

65. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Gomez injunctive relief; including an order to:

   a) Require Defendant Kipling Apparel Corp. to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of www.KIPLING-USA.com to a statement as to Kipling Apparel Corp.'s policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its website, and

   b) Require Defendant Kipling Apparel Corp. to cease and desist discriminatory practices and if necessary to cease and desist operations of the website known as www.KIPLING-USA.com until the requisite modifications are made such that its website becomes equally accessible to persons with disabilities.

66. Plaintiff Gomez has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff are entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Kipling Apparel Corp.

WHEREFORE, Plaintiff Andres Gomez hereby demands judgment against Defendant Kipling Apparel Corp. and requests the following injunctive and declaratory relief:

a) The Court to declare the Terms of Service as delineated on the website www.KIPLING-USA.com null and void and rescinded and not applicable to the Plaintiff, due to the inaccessibility of the website for visually impaired individuals such as the Plaintiff who have no means to comprehend said Terms of Service;

b) The Court to declare that the privacy rights of the Plaintiff have been violated by the unwarranted and unauthorized software and analytics that have been placed on Plaintiff's computer without his consent;

c) The Court issue a declaratory judgment that the Defendant has violated the Plaintiff's rights as guaranteed by the ADA;

d) The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting the Defendant from operating its website www.KIPLING-USA.com without adequate accommodation for the visually impaired community;

e) The Court enter an Order requiring the Defendant to update website to remove barriers in order that individuals with visual disabilities can access the website to the full extent required by the Title III of the ADA;

f) The Court enter an Order requiring the Defendant to clearly display the universal disabled logo[5] within its website, wherein the logo would lead to a page which would state the website accessibility information, facts, policies, and accommodations. Such a clear display of the disabled logo is

---

[5] 

to insure that individuals who are disabled are aware of the availability of the accessible features of the website www.KIPLING-USA.com;

g) The Court enter an order requiring the Defendant to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

h) The Court enter an Order directing the Defendant to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to website known as www.KIPLING-USA.com.

i) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff; and

j) That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 26th day of July, 2016.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*